UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Travis Clay Andersen, | Case No. 22-cv-3138 (KMM/DJF) |
| Plaintiff, | |
| v. | ORDER ON MOTION TO APPOINT COUNSEL |
| Ben Beyer, | |
| Defendant. | |

This matter is before the Court on Plaintiff Travis Clay Andersen's Motion to Appoint Counsel (ECF No. 9). Plaintiff is unable to afford counsel and seeks the appointment of counsel for the following reasons: (1) to assist in meeting the procedural requirements of litigation; (2) to assist in the discovery process; (3) because he is allegedly subject to unlawful confinement that makes it difficult to investigate the issues underlying this action; and (4) because he lacks the necessary education to litigate this complex matter. (*Id.* at 1–2.)

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

1

The Court recognizes Plaintiff's lack of legal training and strong desire for the appointment of counsel. Nevertheless, the Court cannot conclude that litigating this action will be factually or legally complex, or that Plaintiff lacks the ability to investigate this action's facts or present his arguments to the Court. Plaintiff's lack of understanding of the legal system and his lack of access to assistance are not, alone, sufficient to warrant appointment of counsel since these facts do not distinguish his case from the myriad other claims brought by pro se litigants. The Court therefore declines to appoint counsel at this time.

For these reasons, **IT IS HEARBY ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. [9]) is **DENIED**.

Dated: February 7, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge